UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NESTOR NUÑEZ,<br>a/k/a "Salvador Molina,"<br><br>Defendant. | **INFORMATION**<br><br>S4 22 Cr. 622 (AT) |

### COUNT ONE
**(Conspiracy to Commit Wire Fraud)**

The United States Attorney charges:

1. From at least in or about 2018 through at least in or about 2021, in the Southern District of New York and elsewhere, NESTOR NUÑEZ, a/k/a "Salvador Molina," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

2. It was a part and object of the conspiracy that NESTOR NUÑEZ, a/k/a "Salvador Molina," the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, NUÑEZ and others agreed to engage in a scheme to defraud victims by falsely representing, including through, among other things, WhatsApp messages and online video conferences, that a company known as

Forcount was engaged in cryptocurrency trading and mining on behalf of investors, and that investors would share in the profits of this fictitious activity through guaranteed passive income, thereby inducing investors to make payments to certain promoters of the Forcount scheme by various means, including through interstate wire transfers.

Overt Act

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

   a. In or about September 2018, NESTOR NUÑEZ, a/k/a "Salvador Molina," the defendant, who held various purported positions with Forcount, including being its purported CEO, attended a Forcount promotional event in Manhattan.

(Title 18, United States Code, Section 371.)

**FORFEITURE ALLEGATION**

4. As a result of committing the offense alleged in Count One of this Information, NESTOR NUÑEZ, a/k/a "Salvador Molina," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

**SUBSTITUTE ASSETS PROVISION**

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

            (Title 18, United States Code, Section 981;
            Title 21, United States Code, Section 853; and
            Title 28, United States Code, Section 2461.)

*[signature]* /MG

DAMIAN WILLIAMS
United States Attorney